## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **C O M P L A I N T** |
| **PHIL VINAR FURNITURE, INC.,** | ) | |
| **d/b/a Ashley Furniture Homestore,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### NATURE OF THE ACTION

This is an action against Phil Vinar Furniture, Inc., d/b/a Ashley Furniture Homestore ("Defendant" or "Ashley Furniture") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of disability, sex, race and national origin and to provide appropriate relief to a class of employees and applicants who were adversely affected by such practices.

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant discriminated against Charging Party Jacqueline Foster ("J. Foster" or "Charging Party") and a class of female employees by subjecting them to harassment because of their sex.  The Commission also alleges that Defendant retaliated against Charging Party in violation of Title VII after she and others engaged in protected activity (complaining about sexual harassment). The Commission also alleges that Defendant discriminated against a class of African American and Hispanic applicants by refusing to hire them because of their race and national origin; and that Defendant violated recordkeeping requirements under Title VII.

Further, the Commission alleges that Defendant violated the ADA by subjecting Charging Party to harassment because of her disability and by refusing to provide her with a reasonable accommodation. The Commission also alleges that Defendant violated the ADA by denying Charging Party and another employee health insurance benefits because of their disabilities. The Commission also alleges that Defendant retaliated against Charging Party in violation of the ADA by firing her after she engaged in protected activity. The Commission also alleges that Defendant violated the ADA by commingling employee medical records and personnel records.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

2.      The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Central District of Illinois.

## PARTIES AND OTHER PERSONS

3.      Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3). The Commission is also the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §

2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Phil Vinar Furniture, Inc., d/b/a Ashley Furniture

Homestore, has continuously been a corporation doing business in the Central District of Illinois,

and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §

12111(5), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§

2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Charging Party

filed a charge of discrimination with the Commission alleging violations of Title VII of the Civil

Rights Act of 1964 and Title I of the ADA by Defendant.  All conditions precedent to the

institution of this lawsuit have been fulfilled.

8.      Since at least 2005, Defendant has engaged in unlawful employment practices at

its store in Moline, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(d) and 42

U.S.C. §12203(a).  These practices include, but are not limited to:

(a)      subjecting Charging Party to harassment because of her disability;

(b)      refusing to provide Charging Party with a reasonable accommodation for

her disability;

(c)      denying Charging Party and another employee health insurance benefits;

and

3

(d)      retaliating against Charging Party by terminating her for engaging in protected activity (*e.g.*, complaining about harassment and requesting health insurance benefits).

9.      Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such practices include, but are not limited to, subjecting Charging Party and a class of female employees to harassment because of their sex.

10.      Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include, but are not limited to, retaliating against Charging Party for engaging in protected activity (*e.g.*, complaining to Defendant about sexual harassment).

11.      Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such practices include, but are not limited to, refusing to hire a class of African American and Hispanic applicants because of their race and national origin;

12.      Since at least 2005, Defendant has maintained a practice of willfully discarding employment application forms that it received from persons whom it did not hire, in violation of Section 709(c) of Title VII and 29 C.F.R. § 1602.14.

13.      Prior to June 2005, Defendant maintained a practice of commingling employee medical records and personnel records in violation of Section 102(d)(3)(B) of the ADA.

14.      The effect of the practices complained of above has been to deprive Charging Party and a class of employees and applicants of equal opportunities and otherwise adversely affect their status as employees.

15.     The unlawful employment practices complained of above were intentional.

16.     The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party and a class of employees and applicants.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

C.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

D.      Grant a permanent injunction enjoining Defendant from failing and refusing to comply with the recordkeeping requirements set forth in Section 709(c) of Title VII and 29 C.F.R. § 1602.14;

E.      Order Defendant to maintain an applicant log listing the name, address, sex, race and national origin of each applicant, whether the applicant submitted an application form, and whether the applicant was hired, and to allow the EEOC access to all application forms and the applicant log upon seven days notice to Defendant;

F.      Grant a permanent injunction enjoining Defendant from failing and refusing to

comply with the recordkeeping requirements set forth in Section 102(d)(3)(B) of the ADA.

      G.     Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

      H.     Order Defendant to make Charging Party and a class of employees and applicants whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

      I.     Order Defendant to make Charging Party and a class of employees and applicants whole by providing compensation for past and future pecuniary losses;

      J.     Order Defendant to make Charging Party and a class of employees and applicants whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

      K.     Order Defendant to pay Charging Party and a class of employees and applicants punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

      L.     Grant such further relief as the Court deems necessary and proper; and

      M.     Grant the Commission its costs in this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS

Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Gregory M. Gochanour
Gregory M. Gochanour
Supervisory Trial Attorney


/s/ Laurie Elkin
Laurie Elkin
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-353-7582