UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-4052 |
| PHIL VINAR FURNITURE, INC., d/b/a Ashley Furniture Homestore, | ) ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Now before the Court is a Motion to Dismiss by Defendant Phil Vinar Furniture, Inc., d/b/a/Ashley Furniture Homestore ("Ashley Furniture"). For the reasons set forth below, the Motion [#7] is DENIED.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(4), as the claims asserted in the Complaint present federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§12112(d) and 12203(a) ("ADA").

**BACKGROUND**

Jacqueline Foster ("Foster") filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Ashley Furniture, alleging violations of the American with Disabilities Act and the Civil Rights Act of 1964. Plaintiff then commenced this lawsuit, specifically asserting that Defendant subjected Foster to harassment because of her disability and refused to provide her a reasonable

accommodation, discriminated against Foster and a class of female employees by subjecting them to harassment because of their sex, retaliated against Foster for engaging in protected activity, refused to hire a class of African-American and Hispanic applicants because of their race and national origin, and violated Title VII record keeping requirements.

Ashley Furniture has now moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. The matter is fully briefed, and this Order follows.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the… claim is and the grounds upon which it rests." E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The court must evaluate whether the Complaint includes "enough facts to state a claim to relief that is plausible on its face". Hecker, 556 F.3d at 580. (citations omitted). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

**DISCUSSION**

Defendant argues that Plaintiff's Complaint is so conclusory and lacking in factual basis that it fails to state a claim upon which relief may be granted based on the pleading standards articulated in Bell Atlantic Corp. v. Twombly, and Ashcroft v. Iqbal,

129 S. Ct. 1937 (2009). Ashley Furniture states that upholding the sufficiency of the Complaint would "strip the Defendant of important procedural protections against expensive, time consuming, and complex litigation where many of the allegations concern persons and issues which were never even part of the original charge against the Defendant". (Def. Mem at 3). Ashley Furniture specifically attacks the following sections of the Complaint:

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Partyfiled a charge of discrimination with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(d) and 42 U.S.C. §12203(a). These practices include, but are not limited to:

   (a) subjecting Charging Party to harassment because of her disability;
   (b) refusing to provide Charging Party with a reasonable accommodation for her disability;
   (c) denying Charging Party and another employee health insurance benefits; and
   (d) retaliating against Charging Party by terminating her for engaging in protected activity (*e.g.*, complaining about harassment and requesting health insurance benefits).

9. Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e- 2(a)(1). Such practices include, but are not limited to, subjecting Charging Party and a class of female employees to harassment because of their sex.

10. Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include, but are not limited to, retaliating against Charging Party for

3

> engaging in protected activity (*e.g.*, complaining to Defendant about sexual harassment).
>
> 11. Since at least 2005, Defendant has engaged in unlawful employment practices at its store in Moline, Illinois in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such practices include, but are not limited to, refusing to hire a class of African-American and Hispanic applicants because of their race and national origin;
>
> 13. Prior to June 2005, Defendant maintained a practice of commingling employee medical records and personnel records in violation of Section 102(d)(3)(B) of the ADA.
>
> 15. The unlawful employment practices complained of above were intentional.
>
> 16. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Party and a class of employees and applicants.

The pleading standard established by Federal Rule of Civil Procedure (8)(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Iqbal , 129 S.Ct. at 1949. Although a plaintiff need not include detailed factual allegations, a Complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation". *Id*. With these statements in mind, the Court finds that the factual allegations contained in the Complaint fail to meet the Twombly standard, as they do not provide "enough facts to state a claim to relief that is plausible on its face". Hecker, 556 F.3d at 580.

Although Plaintiff alleges violations of the ADA and Title VII as a result of Defendant's unlawful employment practices, the EEOC inexplicably neglected to specify Foster's gender, race (or national origin) and disability, and fails to address whether Foster was employed by Ashley Furniture. The Court will not assume such basic facts,

which form the foundation of any plausible claim to relief under the ADA and Title VII. Additionally, ¶ 13, as currently constructed, encompasses activity over the course of an unduly broad time frame.  Finally, if Plaintiff seeks to pursue action on behalf of the "female employees" and "African-American and Hispanic applicants" referenced in ¶¶ 9 and 11, it should either name the employees and applicants or pursue the claims as a class action pursuant to Fed. R. of Civ. P. 23.  The Court will not dismiss this action, but orders Plaintiff to file an Amended Complaint addressing the aforementioned factual deficiencies.

## CONCLUSION

For the foregoing reasons, Ashley Furniture's Motion to Dismiss [#7] is DENIED. However, Plaintiff shall file an Amended Complaint curing the identified deficiencies within 14 days from the date of this Order.

ENTERED this 9th day of March, 2010.

s/ Michael M.Mihm
Michael M. Mihm
United States District Judge